IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FUNDACION SEGARRA-BOERMAN E HIJOS, INC., ET AL.**<br>     Plaintiffs,<br><br>         v.<br><br>**ALFREDO MARTINEZ-ALVAREZ, ET AL.**,<br>     Defendants. | **CIV. NO**. 16-2914 (DRD) |

### OMNIBUS ORDER AS TO
### DOCKET ENTRIES 508 AND 539

Pending before the Court are the defendants' "Renewed motion to compel and for Rule 37 sanctions for plaintiff's failure to comply with Court Orders" at Docket No. 508 and the plaintiffs' "Motion to compel Rule 34 request for defendant Felipe Segarra Investment Corp. to permit entry onto designated land or property" at Docket No. 539. After careful consideration of the pleadings, the applicable law, and having heard from the parties during oral argument, and for the reasons announced by the Court on the record, the Court finds as follows.

The Court begins with the defendants' motion and their renewed objection concerning the sufficiency of the plaintiffs' computation of damages included in their initial disclosures under Fed. R. Civ P. 26(a). (Docket No. 508). During oral argument and following a through discussion of each category of damages disclosed by the plaintiffs at Docket No. 508-1 at page 8, counsel for the defendants conceded that they were not challenging the calculations of damages divulged by the plaintiffs *per se* in each of the ten categories. Rather, the defendants' main objection was that the plaintiffs had failed to disclose the amount of damages that each plaintiff is claiming for each category of damages where *both* plaintiffs are claiming entitlement to damages. In response, counsel for the plaintiff clarified that for those categories where *both* plaintiffs are claiming entitlement to damages, at this juncture, each plaintiff is claiming one hundred percent (100%) of the damages alleged. Plaintiffs' counsel nevertheless observed that as discovery progresses in the case, the computations of damages provided now at the initial disclosures stage, will potentially change and they correctly acknowledge their duty to

Case 3:16-cv-02914-DRD-MDM   Document 550   Filed 01/05/22   Page 2 of 3

*Fundacion Segarra-Boerman e Hijos, Inc. et al v. Martinez-Alvarez et al*  PAGE 2
Civ. No. 16-2914 (DRD/MDM)
_____

supplement their disclosures in light of the evidence discovered. Defense counsel acknowledged that upon learning during oral argument that both plaintiffs are claiming entitlement to one hundred percent (100%) of the damages in categories nos. 1, 6, 7, 8, and 10, he had no remaining objection to the computation provided but for category number 10.

Having settled that, the only remaining issue was category number 10 of Docket No. 508-1 at page 8. On this matter, counsel for the plaintiffs ultimately stipulated that plaintiffs were withdrawing any claim of loss on behalf of both plaintiffs for the category of damages number 10. Therefore, both parties agreed that there are currently 9 categories of damages remaining (and not 10) which the plaintiffs are now seeking, and for which they have provided, to the extent possible, their computation of damages. Defense counsel was satisfied with this course of action.

In the end, having extensively discussed the matter at issue with both parties, and having clarified during oral argument both the plaintiffs' and defendants' position, the Court finds that the plaintiffs' calculation of damages under Fed. R. Civ. P. 26, as part of their initial disclosures, is sufficient. The Court further finds that the specific documents disclosed to the defendants in support of the damages calculations that the plaintiffs identified in their initial disclosures, all which were numbered with bates stamps, are also sufficient to comply with the requirements of Fed. R. Civ. P. 26. Accordingly, the defendant's "Renewed motion to compel and for Rule 37 sanctions for plaintiff's failure to comply with Court Orders" at Docket No. 508 is **DENIED**.

The Court next discussed another pending motion which was referred to the undersigned, namely, the plaintiffs' "Motion to compel Rule 34 request for defendant Felipe Segarra Investment Corp. to permit entry onto designated land or property" at Docket No. 539. The plaintiffs maintained that their request under Fed. R. Civ. P. 34 to permit entry and conduct a visual inspection and appraisal onto the defendants' designated five properties is straightforward, simple, and indeed relevant. The defendants pressed their objection on relevancy and inconveniency grounds. The Court finds that the objections raised by the defendants are unconvincing and do not pass muster. The site inspection requested by the plaintiffs will proceed. The Court reiterates that relevant discoverable information, such as the information that will be obtained through these site inspections and appraisals, cannot be withheld on the ground that

Case 3:16-cv-02914-DRD-MDM   Document 550   Filed 01/05/22   Page 3 of 3

*Fundacion Segarra-Boerman e Hijos, Inc. et al v. Martinez-Alvarez et al*     PAGE 3
Civ. No. 16-2914 (DRD/MDM)
_____

discomfort arises in disclosing it, especially when that information may lead to potential discovery of admissible evidence.

Accordingly, the plaintiffs' "Motion to compel Rule 34 request for defendant Felipe Segarra Investment Corp. to permit entry onto designated land or property" at Docket No. 539 is **GRANTED** and the defendants are **ORDERED** to allow access and entry to the plaintiffs and their experts to the five properties identified in the plaintiffs' request under Fed. R. Civ. P. 34. The parties are further **ORDERED** to coordinate amongst themselves to ensure that the site inspections take place within reason as to time, place, and manner. Finally, the parties are **ORDERED** to file a JOINT motion by January 18, 2022, to inform the Court as to the measures to be taken by them to carry out the site inspections without delay. In the motion, the parties shall specifically include the timetable they have agreed upon for the site inspections to be conducted. That timetable shall not exceed the subsequent sixty (90) days after the filing, which is more than sufficient time to finalize this matter.

On a last note, while the Court reiterates its availability to assist the parties in resolving any ensuing discovery dispute, the Court also strongly urges counsel for all sides to comply with Local Rule 26(b), and to make their professional efforts to communicate with each other, not only through motions, but through personal means like telephone and videoconference, and meet and confer in good faith in an effort to resolve subsequent disputes, without seeking the Court's intervention for judicial economy. The Court trusts in the present attorneys' ability to do just that in order to expedite their discovery efforts and ultimately obtain a fair and just resolution of the present dispute.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of January 2022.

                                            */s/ Marshal D. Morgan*
                                            MARSHAL D. MORGAN
                                            United States Magistrate Judge